UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>RAMON MANRIQUEZ-NUNEZ,<br><br>                    Defendant. | CASE NO. CR-15-6026-EFS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT** |

A hearing occurred in the above-captioned matter on December 1, 2015. Defendant Ramon Manriquez-Nunez was present, represented by Alison Guernsey, and assisted by a Spanish-speaking interpreter. Shawn Anderson appeared on the U.S. Attorney's Office's (USAO) behalf. The Court heard argument on Defendant's Motion to Dismiss, ECF No. 25, after reviewing the briefing and relevant legal authority. Defendant seeks dismissal of the indictment, which charges him with being an Alien in the United States after Deportation under 8 U.S.C. § 1326, on the grounds that the deportation on which it relies violated his due-process rights because the immigration judge failed to secure a knowing, intelligent, and voluntary waiver of the right to counsel and to advise Defendant of his eligibility for relief from removal, and these failures prejudiced Defendant as he could have sought voluntary removal in lieu of entry of an order of deportation. The USAO opposes the motion: although recognizing that the immigration judge failed to

ORDER - 1

advise Defendant of his right to seek voluntary removal, the USAO maintains that the immigration judge secured a knowing, intelligent, and voluntary waiver of Defendant's right to retain counsel and that Defendant was not prejudiced by not being told that he had a right to seek voluntary removal because there was no plausible path to relief from removal for Defendant. This Order supplements and memorializes the Court's oral ruling granting Defendant's motion to dismiss.

**A.   Background**

On March 26, 2007, the Immigration and Naturalization Service issued Defendant a Notice to Appear, alleging that he was subject to deportation because he was not a citizen of the United States, had entered the United States without permission, and had been convicted of vehicular assault and third-degree assault in violation of Washington law. ECF No. 25, Ex. A. The Notice to Appear also alleged that Defendant was subject to removal as an alien who had entered the United States without being formally admitted and committed a crime involving moral turpitude. *Id*.

On August 16, 2007, Defendant appeared before an immigration judge in response to the Notice to Appear. ECF No. 25, Exs. B & C. Five other aliens also appeared at the group hearing before the immigration judge, and a Spanish-speaking interpreter assisted the six aliens. The immigration judge swore the aliens in as a group and then mentioned that earlier that day he had told all of them about their rights, including: "I told you that you have the right to be represented by counsel of your choice." ECF No. 25, Ex. C at 3:24-25. All aliens agreed in a group fashion that was correct. Then the

immigration judge stated, "You all waived the right to be represented by counsel of your choice." Neither the transcript nor the oral recording clearly identifies that Defendant confirmed or answered "yes" to this statement.

A series of other questions ensued with group answers in response, and then the immigration judge addressed Defendant individually stating, "it is my order that you be ordered removed from the United States to Mexico. Do you wish to accept my decision or do you want to appeal my decision." ECF No. 25, Ex. C at 5:10-11. Defendant stated, "I accept." *Id*. at 5:12. Counsel for the government then advised the immigration judge that the government was withdrawing the "CIMT [crime involving moral turpitude] charge," and the immigration judge accepted this withdrawal but still determined that Defendant was removable. *Id*. at 5:13-24.

On August 18, 2007, Defendant was physically removed from the United States. Sometime thereafter, Defendant reentered the United States and was apprehended. The 2007 removal order was reinstated. Defendant was removed from the United States on January 6, 2014.

On July 20, 2015, Defendant was found in the Eastern District of Washington. ECF No. 13. The instant indictment charging Defendant with being an Alien in the United States after Deportation was filed on August 18, 2015. Defendant thereafter filed this motion to dismiss.

**B.    Authority and Analysis**

The Fifth Amendment's due process clause affords a criminal defendant charged with violating 8 U.S.C. § 1326 with an opportunity to seek judicial review of the underlying deportation. *United States*

ORDER - 3

*v. Zarate-Martinez*, 133 F.3d 1994, 1197 (9th Cir. 1998), *overruled on other grounds by United States v. Corona-Sanchez*, 291 F.3d 1201 (9th Cir. 2002). To collaterally attack the deportation order underlying a § 1326 criminal proceeding, the defendant must show:

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). The first two requirements—exhaustion and improper denial of judicial review—are satisfied if the defendant establishes that the immigration judge improperly failed to inform him of his eligibility for relief. *United States v. Arias-Ordonez*, 597 F.3d 972, 977 (9th Cir. 2010). The third requirement (entry of the order was fundamentally unfair) can be met by showing that 1) the defendant's due-process rights were violated during the underlying deportation proceeding, and 2) he suffered prejudice as a result. *See, e.g., United States v. Ramon*, 623 F.3d 672, 680 (9th Cir. 2010); *United States v. Leon-Leon*, 35 F.3d 1428, 1431 (9th Cir. 1994).

The USAO does not contest that Defendant satisfies the first two § 1326(d) requirements because the immigration judge failed to advise Defendant that he could seek relief from deportation through voluntary removal. *See Arias-Ordonez*, 597 F.3d at 977 ("Our circuit law is also well established that § 1326(d)'s requirements of exhaustion and deprivation of judicial review are satisfied when the government misinforms an alien that he is ineligible for relief."); *United States v. Gonzalez-Flores*, 804 F.3d 920, 927 (9th Cir. 2015) (recognizing

ORDER - 4

that an alien need not prove exhaustion of administrative remedies if the alien did not have the ability to knowingly and intelligently waive the right to an administrative appeal). Defendant was eligible for pre-hearing voluntary departure, as he did not have an aggravated-felony conviction and he was not removable under the terrorist provisions. *See* 8 U.S.C. § 1101(43) & 1229c(a)(1). Therefore, because the immigration judge failed to advise him of his right to seek voluntary departure, § 1326(d)'s requirements of exhaustion and deprivation of judicial review are satisfied.

Accordingly, the focus is on whether entry of the 2007 Order of Removal was fundamentally unfair. This question requires the Court to consider whether the Defendant has shown that his due-process rights were violated during the underlying deportation proceeding and that he suffered prejudice as a result of this due-process violation. As mentioned above, the USAO does not contest that Defendant's due-process rights were violated because the immigration judge failed to advise Defendant that he could seek relief from entry of an order of deportation through voluntary removal. The USAO does contest Defendant's argument that his due-process rights were violated by the immigration judge failing to individually assess whether Defendant knowingly and voluntarily waived his right to be represented by counsel at no expense to the government.

The Court finds the immigration judge violated Defendant's due-process rights both by failing to advise him of his right to seek voluntary departure (uncontested) and to ensure that his waiver of his right to retain counsel was knowing and intelligent (contested). In

ORDER - 5

regard to the right to retain counsel, the immigration judge failed to inquire with each alien as to whether he wished to be represented by counsel. An alien has the right to be represented by counsel at no expense to the government during immigration proceedings, see 8 U.S.C. § 1362, and this right stems also from the Fifth Amendment's guarantee of due process. *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004). An immigration judge is required at a minimum to 1) inquire whether the alien wishes counsel, 2) determine a reasonable period for the alien to obtain counsel, and 3) assess whether any waiver of the right to counsel by the alien is knowing and voluntary. *United States v. Ramos*, 623 F.3d 672, 683 (9th Cir. 2010). Here, the record merely establishes that the immigration judge informed Defendant of his right to counsel in a group fashion; the record does not establish that the immigration judge assessed whether Defendant's waiver of his right to counsel was knowing and intelligent. The immigration judge did not engage in a specific exchange with Defendant regarding his purported decision to waive counsel, such as discussing the implications of proceeding without counsel. Accordingly, the Court finds that Defendant's purported waiver of the right to counsel was not constitutionally sound and therefore his 2007 order of removal violated his due-process rights.

Having determined that the 2007 order of removal violated Defendant's due-process rights, the next inquiry is whether Defendant suffered prejudice as a result. Defendant must show there were plausible grounds on which he could have been granted relief from removal in 2007. *See United States v. Reyes-Bonilla*, 671 F.3d 1036,

ORDER - 6

1049 (2012) (focusing the analysis on the time period that removal occurred). Defendant need not conclusively show that he would have been provided relief but must show more than a theoretical possibility of relief. *See id.* at 1049-50. When exercising his discretion to determine whether to grant an alien's motion for voluntary departure, the immigration judge is required to evaluate the "favorable and unfavorable facts" relevant to the decision. *Campos-Granillo v. INS*, 12 F.3d 849, 852 (9th Cir. 1993). Factors to consider include the alien's prior immigration history, the nature of his entry, violations of immigration and other laws, length in the United States, family ties to the United States, and humanitarian needs. *Campos-Granillos v. INS*, 12 F.3d 849, 852 (9th Cir. 1993). And then the court assesses whether Defendant showed that "aliens with similar circumstances received relief." *United States v. Gonzalez-Flores*, 804 F.3d 920, 928 (9th Cir. 2015) (quoting *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1263 (9th Cir. 2013)).

Although a close analytical question for the Court, the Court finds, after balancing the positive and negative equities in light of other immigration cases, that Defendant has shown that at the time the order of removal was entered the immigration judge could have reasonably determined that Defendant's positive factors outweighed his negative factors. First, as to the positive factors in 2007, Defendant had been in the United States for fifteen years, arriving in the United States when he was approximately fifteen years old, and had been working on a steady basis since his arrival to the United States. He was in a 10-year relationship with his girlfriend and mother of his

two children, all of whom are U.S. citizens. His parents, a brother, and sister were living in the United States. Defendant also had a mental-health condition that would have been considered as a positive equity in the plausibility analysis. Negative factors included that Defendant had a criminal conviction for vehicular assault and assault in the third degree, arising from same incident, and he was present in the United States without permission and under a false name. After balancing these factors, the Court concludes that an immigration judge could have determined that the positive factors outweighed the negative factors at the time of the underlying immigration proceeding. *See In re Gonzales-Figeroa*, A29013696, 2006 WL 729784 (BIA Feb. 10, 2006); *In re Pineda-Castellanos*, A77212443, 2005 WL 3833024 (BIA Nov. 16, 2005); and *In re Reyes Jimenez*, A97341646, 2004 WL 2418597 (BIA Oct. 4, 2004).

Accordingly, the Court grants Defendant's Motion to Dismiss the indictment because Defendant's due-process rights were violated during the immigration proceeding and he suffered prejudice as a result, leading to the entry of the Order of Removal.

**C.   Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1.   Defendant's Motion to Dismiss, **ECF No. 25**, is **GRANTED**.

2.   The Indictment, **ECF No. 13**, is **DISMISSED**.

3.   Trial and all pending dates and deadlines are **STRICKEN.**

4.   Defendant shall be **RELEASED** from U.S. Marshal's custody.

//

/

ORDER - 8

5.   This case shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshal's Office.

**DATED** this  1ST  day of December 2015.

                              s/Edward F. Shea
                              EDWARD F. SHEA
                    Senior United States District Judge

Q:\EFS\Criminal\2015\6026.dismiss.lc1.docx

ORDER - 9